**FILED**
**Mar 12, 2025**
**09:10 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT GRAY

| | | |
|---|---|---|
| **SPENCER KING,** | ) | **Docket No. 2024-20-8017** |
| **Employee,** | ) | |
| **v.** | ) | |
| **RENTOKIL NORTH AMERICA,** | ) | |
| **INCORPORATED,** | ) | **State File No. 41030-2023** |
| **Employer,** | ) | |
| **and** | ) | |
| **ARH INDEMNITY INSURANCE** | ) | |
| **COMPANY,** | ) | **Judge Brian K. Addington** |
| **Carrier.** | ) | |

## EXPEDITED ORDER ON MEDICAL DIRECTOR'S OPINION

Rentokil North America, Incorporated filed a Motion to Stay the Medical Director's November 13, 2024, order for an autologous chondrocyte implantation (ACI) surgery on Spencer King's right knee, which was granted. The Court held an expedited hearing on March 7, 2025, to determine whether the procedure is medically necessary.[1] For the reasons below, the Court holds Rentokil shall authorize the surgery.

## Claim History

Mr. King injured his right knee in 2023 while working for Rentokil, which accepted the claim. Mr. King's authorized doctor, Johnathan Bryant, repaired a meniscus tear in May 2024. The surgeon also biopsied Mr. King's knee to see if he was a candidate for a procedure to repair a cartilage defect (ACI). He then recommended the procedure. Utilization Review physician Eddie Sassoon denied the surgery recommendation. Dr. Bryant appealed to the Bureau's Medical Director, who overturned the denial and approved the procedure.

---

[1] Rentokil argued that Mr. King did not file an affidavit for an expedited hearing. However, Rentokil filed the motion to terminate the provision of benefits and requested a hearing under the utilization review system, not Mr. King. It also did not file an affidavit.

On November 21, Rentokil filed a Petition for Benefit Determination and a Motion to Stay Enforcement of Medical Director Order requesting this Court overrule the Medical Director's decision. The motion was filed per Rule 0800-02-06-.07(6) of the Tennessee Compilation Rules and Regulations (2022), which requires a party who disagrees with the Medical Director's determination to file a petition within 15 calendar days. The rule also requires the party to request a hearing and file a motion to stay enforcement of the Medical Director's decision. Rentokil followed that rule, so the Court granted the motion to stay and scheduled a telephone expedited hearing.

The parties submitted records from Dr. Bryant, Dr. Sassoon, and Dr. T. Lisle Whitman, who performed an independent medical examination. They also submitted the Medical Director's decision. The records reflect that Drs. Bryant, Whitman, and the Medical Director are Tennessee-licensed physicians; Dr. Sassoon is not.

Mr. King stated he wanted the recommended surgery. Rentokil argued that the need for surgery was not causally related to the injury.

**Findings of Fact and Conclusions of Law**

The Court must determine whether Mr. King is entitled to the surgery ordered for his right knee. The authorized doctor's recommendation is considered medically necessary under Tennessee Code Annotated section 50-6-204(a)(3)(H) (2024), and Rentokil has the burden of rebutting this presumption.

Rentokil challenged the authorized treating physician's surgery recommendation by using the utilization review system, which may only consider whether the surgery recommendation was medically necessary, not causation. All denials must be performed by a utilization physician and communicated to the parties with a written utilization report under Rule 0800-02-06-.03(3). Importantly, a utilization physician must be licensed to practice in Tennessee under Rule 0800-02-06-.01(26).

Here, the facts show that the utilization physician was not licensed to practice in Tennessee, so the utilization review report denying the surgery was invalid. For that reason, the Court removes its stay and orders Rentokil to authorize the surgery recommended by Dr. Bryant and affirmed by the Medical Director.

**IT IS THEREFORE ORDERED** as follows:

1. Rentokil shall authorize the right ACI surgery as ordered by Dr. Bryant. Rentokil shall inform Mr. King of the date of the surgery.

2. The parties shall appear for a Status Hearing on **May 5, 2025**, at **10:00 a.m. Eastern Time**. The parties must call **855-543-5044** to participate in the hearing. Failure to

2

call in may result in a determination of the issues without the parties' further participation.

3. Unless interlocutory appeal of the order is filed, compliance with this order must occur no later than seven business days from the date of the entry of this order as required by Tennessee Code Annotated section 50-6-239(d)(3). The insurer or self-insured employer must submit confirmation of compliance by email to WCCompliance.Program@tn.gov by the compliance deadline. Failure to do so may result in a penalty assessment for non-compliance.

4. For compliance questions, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov.

**It is ORDERED**.

**ENTERED March 12, 2025.**


**Brian K. Addington**

_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent on March 12, 2025.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Spencer King, Self-Represented Employee | | | X | spencer.king990@gmail.com |
| Sarah Best, Employer's Attorney | | | X | shbest@mijs.com |

_____
**PENNY SHRUM, COURT CLERK**
**wc.courtclerk@tn.gov**

3



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*